# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2222

_____

| | | |
|---|---|---|
| Esther Catherine Bowlin, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Arkansas Department of Health; | * | |
| Dr. Paul Halverson, Director of | * | |
| Arkansas Department of Health, in | * | Appeal from the United States |
| his individual and official capacities; | * | District Court for the |
| Helen Brown, In-Home Service | * | Eastern District of Arkansas. |
| Coordinator for Northeast Region of | * | |
| Arkansas Department of Health, in her | * | [UNPUBLISHED] |
| individual and official capacities; | * | |
| Georgia Murphy, In-Home Service | * | |
| Specialist for Arkansas Department of | * | |
| Health, in her individual and official | * | |
| capacities, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: January 12, 2010
Filed: April 6, 2010

_____

Before GRUENDER and SHEPHERD, Circuit Judges, and JARVEY,[1] District Judge.

_____

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa, sitting by designation.

PER CURIAM.

Esther Catherine Bowlin, a former home health nurse with the Arkansas Department of Health ("the Department"), brought this action against the Department, Dr. Paul Halverson, Helen Brown, and Georgia Murphy (collectively "defendants"), alleging violations of the Age Discrimination in Employment Act (ADEA), First Amendment free speech and Fourteenth Amendment due process violations brought under 42 U.S.C. § 1983, and state law claims of libel and slander. In response to the defendants' motion to dismiss or for summary judgment, Bowlin conceded her ADEA claim lacked merit. The district court[2] subsequently granted summary judgment on all claims in favor of defendants.

Having reviewed the summary judgment order de novo and viewing the record in the light most favorable to Bowlin, see Didier v. Schwan Food Co., 465 F.3d 838, 841 (8th Cir. 2006) (standard of review), we conclude the district court properly granted the defendants' motion for summary judgment. We agree with the district court that Bowlin's claims against the Department and Dr. Halverson, Brown, and Murphy, in their official capacities, fail on immunity grounds. See Robb v. Hungerbeeler, 370 F.3d 735, 739 (8th Cir. 2004) (official-capacity suit is treated as suit against government entity); Doe v. Nebraska, 345 F.3d 593, 597 (8th Cir. 2003) (subject to exceptions, such as waiver, the Eleventh Amendment provides states and state agencies with immunity from suit). The district court correctly determined that defendants set forth a legitimate reason for the employment action. Bowlin has not shown this reason was a pretext for retaliation, and thus, her First Amendment free speech claim fails. See Hughes v. Stottlemyre, 506 F.3d 675, 678-79 (8th Cir. 2007) (applying burden-shifting framework to a claim that employee suffered a retaliatory employment action in violation of his First Amendment rights), cert. denied, 128 S. Ct. 1741 (2008). Because Bowlin does not qualify under either exception to

---

[2]The Honorable Brian S. Miller, United States District Judge for the Eastern District of Arkansas.

Arkansas's at-will employment doctrine, the district court did not err in finding Bowlin failed to establish that she had the constitutionally protected property interest necessary to support her due process claim. See Allen v. City of Pocahontas, Ark., 340 F.3d 551, 555 (8th Cir. 2003) ("Arkansas law recognizes two exceptions to the at-will employment doctrine: (1) where a personnel manual specifies that termination will only be for cause and (2) where the employment agreement itself specifies that termination will only be for cause."). Finally, Bowlin's state law claims for libel and slander brought against Dr. Halverson, Brown, and Murphy, in their individual capacities, are barred under Arkansas Code Annotated § 19-10-305(a).

Accordingly, we affirm the district court's grant of summary judgment. See 8th Cir. R. 47B.

_____